[No. 6282.]

O'BRIEN v. THE PEOPLE.

**Practice in Criminal Cases — Accomplices — Corroborating Evidence—Instructions.**

Where two accomplices testified to the commission of an offense by defendant, and their testimony was not supported by independent testimony or corroborating circumstances, the court erred in refusing to give an instruction that the jury "may consider the fact of a witness being an accomplice in the commission of the crime charged, as affecting the credibility of that witness, and that the fact of his being an accomplice may be considered in weighing the credibility to be given to the evidence of the witness."—P. 42.

*Error to the District Court of Otero County.*
*Hon. C. S. Essex, Judge.*

Edward J. O'Brien was convicted of breaking and entering a freight car and stealing whisky therefrom, and he brings error.        *Reversed.*

Mr. John A. Martin, for plaintiff in error.

Mr. Wm. H. Dickson, Attorney General, and Mr. Geo. D. Talbot, Assistant Attorney General, for the people.

Chief Justice Steele delivered the opinion of the court:

The defendant, having been convicted, comes here by writ of error. We shall consider but one point raised in the assignment of errors, that relating to the refusal of the court to give a cautionary instruction on the subject of the weight to be given to the testimony of accomplices.

The defendant was charged with having broken and entered a certain freight car and stolen therefrom a quantity of whisky. There were but two witnesses who testified to the commission of the offense by O'Brien. Both were accomplices. Their testimony was not supported by independent testimony or corroborating circumstances. That these witnesses were accomplices is shown clearly from their own testimony. The witness Archibald testified that he was told by O'Brien that there were several cases of whisky in the freight yards, and, as he said, he accepted the invitation to go with O'Brien to get it. The witness took the whisky and hid it at his home, and later took it to an adjoining town and there hid it. At this time he was employed by the railroad company as car inspector.

The witness Fletcher testified that on the night of the day laid in the information, he and Archibald and others walked through the company's yards, and as they were proceeding he heard those with him say that they were going after the whisky. When they reached the car, he stood there and watched one of the party enter the car and take the cases containing whisky out and set them on the ground. He stood by and did not interfere in any way to prevent the offense from being committed. This witness was also employed by the railroad company as a car inspector.

Although these accomplices were competent witnesses against the defendant, the court should have cautioned the jury as requested. The bill of exceptions states that the defendant requested the court to instruct the jury that, "they may consider the fact of a witness being an accomplice in the commission of the crime charged, as affecting the credibility of that witness, and that the fact of his being an accomplice may be considered by the jury in weighing the credibility to be given to the evidence of the witness."

The probability is so great that a witness who admits his own guilt implicates others under a promise, or at least a hope, of immunity, that the jury should be cautioned concerning his testimony. This court has repeatedly held that such an instruction should be given.—*Solander v. People*, 2 Colo. 48; *Wisdom v. People*, 11 Colo. 171; *Roberts v. People*, 11 Colo. 219; *Barr v. People*, 30 Colo. 528.

As the charge failed to caution the jury concerning the testimony of accomplices, the judgment must be reversed.                    *Reversed.*

Mr. JUSTICE HELM and Mr. JUSTICE MAXWELL concur.