## No. 8746.

### MOYNAHAN v. THE PEOPLE.

1. CRIMINAL LAW—*Accomplice.* A thief who sells the stolen goods is an accomplice of the buyer who purchases with knowledge of the theft.

2. *Evidence—Testimony of an Accomplice,* is to be viewed with suspicion. A conviction should not be permitted upon such testimony, unless corroborated, or in itself so clear and convincing as to exclude reasonable doubt.

*Error to Teller District Court, Hon. John W. Schaefer, Judge.*

Mr. FRANK J. HANGS and Messrs. BARNETT & CAMPBELL, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, and Mr. RALPH E. C. KERWIN, Assistant Attorney General, for the People.

Mr. Justice Hill delivered the opinion of the court:

THE plaintiff in error, hereafter called the defendant, was convicted of buying ores (known to have been stolen) from one Jones. The ore belonged to The Portland Gold Mining Company. Jones was the prosecuting witness, and testified that he was an ore sorter for The Portland Gold Mining Company; that, for a number of months, and at different times, he had stolen high grade ore from that company, and sold it to the defendant, who was an assayer and ore purchaser; that when he made the sales to the defendant, the latter made no inquiry of him as to what mine the ore came from, or who owned it, and that he never saw the defendant make any notation in his books concerning it. The defendant denied that he had ever purchased any stolen ores, or any other ore from the prosecuting witness. He also testified that he had never had any transactions with him of any nature. The testimony of the witness Jones includes the admission that he expected leniency for "squealing," as he termed it.

The defendant's refused Instruction No. 2 is to the effect that if the jury found, etc., that any witness who testified

for the prosecution was an accomplice of the defendant, then and in that case they were instructed to receive such testimony with caution, and regard it with suspicion, and were not to convict upon such evidence, unless it was corroborated by independent evidence, or unless it was clear and convincing, and they could say, after a consideration of all evidence, that they were convinced beyond a reasonable doubt that the defendant was guilty as charged. The defendant's right to this instruction depends upon whether there was any testimony showing that Jones was. an accomplice; if there was, it correctly states the law in this jurisdiction.

*Klink v. The People,* 16 Colo. 467, 27 Pac. 1062; *Roberts v. The People,* 11 Colo. 213, 17 Pac. 637; *O'Brien v. The People,* 42 Colo. 40, 94 Pac. 284; *O'Grady v. The People,* 42 Colo. 312, 95 Pac. 346.

The term "accomplice" is defined by Bouvier as follows:

"The term in its fulness includes in its meaning all persons who have been concerned in the commission of a crime, all *participes criminis,* whether they are considered in strict legal propriety as principals in the first or second degree, or merely as accessories before or after the fact."

Black, in his law dictionary, defines the term as follows:

"One who is joined or united with another; one of several concerned in a felony; an associate in a crime; one who co-operates, aids, or assists in committing it. * * * This term includes all the *participes criminis,* whether considered in strict legal propriety as principals or as accessaries. 1 Russ. Crimes 26. It is generally applied to those who are admitted to give evidence against their fellow criminals."

In Clark's Criminal Law, Section 51, it is defined thus,

"The term 'accomplice' applies to all who take part in the commission of a crime, whether they are principals or accessaries."

This rule was recognized by this court in *Walt v. The People,* 46 Colo. 136, 104 Pac. 89, where, in commenting upon it, at page 144, we said:

"It was such acts that fixed its status as a rendezvous

for persons disposed to violate the rules of society. For each person presenting himself as a buyer from one knowingly unauthorized to sell, became a *participes criminis* in the act of selling."

The converse of this is equally true. A person knowingly selling stolen goods to one unauthorized to buy, is an accomplice of the buyer, because the seller aids and abets in the commission of the crime.

In the light of the authorities cited, it follows that Jones was an accomplice of the defendant, if the crime of buying stolen ores from Jones by the defendant was committed. We agree with the Attorney General that the mere fact that Jones stole these ores from the owner did not make him an accomplice of the defendant; but the theft of ores is one offense, buying them, knowing that they have been stolen, is another. It is a familiar principle of law, however, that one may be both a principal and an accomplice by the doing of separate and distinct acts with the same property. There is nothing which prevents Jones, who stole the ore, from afterwards, by a separate and distinct act, becoming an accomplice of the one who purchased it from him, knowing it to have been stolen. The fact that our statute provides that an accessory shall be deemed and considered a principal and punished accordingly, does not make him any less an accessory, so far as the rules of evidence to be applied to the principle, are concerned. It is rather the fixing of the same punishment for both and an arbitrary declaration that for that purpose upon the commission of a certain crime the perpetrator shall be held to have been guilty of another. This question is thoroughly discussed in *People v. Coffey*, 161 Calif. 433, wherein, at page 448, the conclusion is as follows:

"This, then, is the true test and rule: If in any crime the participation of an individual has been criminally corrupt he is an accomplice. If it has not been criminally corrupt he is not an accomplice. * * * Where the act requires the co-operation of two persons, and their co-

operation is criminally corrupt, the relationship of accomplice is at once established."

In this the California court says there is but one exception, viz, *State v. Durnam*, 73 Minn. 150, which they decline to follow and say that it is unique in the history of the law. According to our view, the defendant was entitled to this instruction. Its refusal necessitates a reversal of the judgment.

In view of a new trial, it is thought advisable to consider one other alleged error. It pertains to the validity of the information. We cannot agree with the defendant that the information was illegally filed. The opinion in *Ausmus et al. v. The People*, 107 Pac. 204, 19 Ann. Cas. 491, controls this question. The procedure there was the same as here. We deem it unnecessary, at this time, to consider assignments pertaining to the admission of testimony.

The judgment will be reversed and the cause remanded for a new trial.

Reversed.

Decision *en banc.*

Mr. Justice Garrigues dissents.

Mr. Justice Scott not participating.

Mr. Justice Teller concurring specially:

I concur in the reversal, but I cannot agree that the sufficiency of the information is determined by the case of *Ausmus and Moon v. People*. The question as here presented is this: Does the law require an affidavit other than that which serves to verify the information? This must be answered by reference to the act of 1893 (Chapter 66, Laws of 1893). The first section of that act provides that in all cases in which the defendant has not had or has waived a preliminary examination "there shall be filed with the information the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed."

Section 2 relates to the form of the information, etc. Section 3 further provides as to the requirements of an information, and adds:

"But if a preliminary examination has not been had, or when upon such examination the accused has been discharged, or when the affidavit or complaint upon which the examination has been held has not been delivered to the clerk of the proper court, the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of court first had, file an information, and process shall forthwith issue thereon."

In the *Ausmus-Moon* case, there is no discussion of the question now under consideration, i. e., the necessity for an affidavit under section 3 of the act (1964, R. S. 1908) in addition to the affidavit which verifies the information as required by section 1 of the act (1958, R. S. 1908).

The holding is that the attached affidavits constituted a verification, and complied with section 1432 b. M. A. S., which is section 1 of the act of 1893. The opinion then points out that the affidavits, by averring that the statements in the information were true, made those statements a part of the affidavits, and so set forth the offense.

The question determined was that the offense was set forth, and whether or not an affidavit in addition to the verification is required is not touched upon.

That two affidavits are required under the circumstances now presented, is clearly indicated in *Noble v. People*, 23 Colo. 9, 45 Pac. 376. It appears that the original information and affidavit in that case were omitted from the record.

It was urged that the affidavit in the record was insufficient because it did not set out the offense, as section 3 of the act requires.

The court, after referring to the arguments, said:

"But we are at a loss to see the pertinency of this discussion, since the affidavit provided for the verification of an information is not required to set out the offense, as is essential in the affidavit provided in section 3; which,

as a prerequisite to a prosecution by information where a preliminary examination has not been had or waived, must in conformity with section 7, article 2 of our bill of rights, show probable cause. The record being silent, we must presume that the original information was filed upon such an affidavit, and the plaintiff in error, at the time of the filing of the amended information, was in custody by virtue of lawful process issued thereon."

It is then pointed out that the "information act provides two modes of procedure," and section 3 of the act is quoted, and of it the court said:

"By virtue of this provision informations may be filed either upon a preliminary hearing being had or waived, or by leave of court, upon filing the affidavit therein provided. This affidavit is made essential in case a preliminary examination has not been had, in order to comply with the requirements of section 7, article 2, of our bill of rights."

The court further holds that the verification by an affidavit of a prescribed character required by section 1 is a creature of the statute, while the affidavit of probable cause required by section 3 is a constitutional requirement.

I am of the opinion that the information in this case was insufficient under the decisions above cited.