## No. 10,383.

## WILKINS v. THE PEOPLE.

Decided September 11, 1922. Rehearing denied November 6, 1922.

Plaintiff in error was convicted of the crime of sodomy.

*Affirmed.*

*On Application for Supersedeas.*

1.  CRIMINAL LAW—*Information.* The contention that the information contained two offenses, considered and overruled.

2.  *Accomplice—Evidence—Instructions.* In the trial of a criminal case it was not error for the court to refuse to instruct the jury, that the uncorroborated testimony of an accomplice should be received with great caution, where the evidence of the alleged accomplice was corroborated both by direct and circumstantial evidence.

3.  *Instructions—Weight of Evidence.* The refusal of an instruction as to the weight of testimony is never sufficient to reverse a judgment upon a verdict that appears to be right upon the whole evidence.

4.  *Evidence—Competency—Court Discretion.* In a prosecution for sodomy, the victim of the assault was asked if he had not had similar relations with others, for the purpose of discrediting his testimony. An objection to the question was sustained. Held, that while the evidence might have been competent, its admission was within the discretion of the court whose ruling thereon was not subject to review.

*Error to the District Court of the City and County of Denver, Hon. James L. Cooper, Judge.*

Mr. A. R. MORRISON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was convicted of the crime of sodomy. Three points are argued:

1. The claim is made that the information stated two offenses, one simple assault, and the other the crime of which the prisoner was convicted, and that the court erred in denying the motion of the defendant to compel the people to elect on which of the two charges they would proceed.

The information states but one offense. It is in the usual form of such instruments, e. g. of an ordinary indictment for murder and, we believe, for all crimes against the person; it charges first an assault and then, by stating the nature of the assault, shows the crime charged.

2. The court refused to let the defendant give evidence that the boy who was the victim of the crime knew right from wrong, for the purpose of making it appear that he was an accomplice; but, as we show below, whether he was an accomplice or not is immaterial, since he was corroborated.

3. The court refused to instruct the jury that the uncorroborated testimony of an accomplice ought to be received with great caution. The proposition is true, but in this case the testimony of the accomplice, if he was an accomplice, was corroborated both by direct and circumstantial evidence.

It is urged that it was for the jury to say whether there was corroboration. It is true it was for them to say whether the corroboration was sufficient, but it seems to us it would be misleading to suggest to them that there was no corroboration, when, as a matter of fact, there was, and since the verdict is clearly correct and the accomplice is corroborated, we cannot reverse the judgment for the mere failure or even refusal to charge the jury as to the weight of his testimony. *Solander v. People,* 2 Colo. 48, 67; *Moeller v. People,* 70 Colo. 223, 227.

4. The defendant introduced evidence to show his good

reputation for truth and veracity and then requested the court to instruct the jury that they were to take that evidence into consideration in determining the weight to be given to the testimony of the defendant himself. We will not consider whether this refusal was proper or not, for the refusal of an instruction as to the weight of evidence is never sufficient to reverse a judgment upon a verdict that appears to be right upon the whole evidence. *Solander v. People*, supra. No such state of affairs appears in *Moynahan v. People*, 63 Colo. 433, 167 Pac. 1175.

There is no other point upon which we find it necessary to express an opinion.

Supersedeas denied and judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD, concur.

### On Petition for Rehearing.

In the original opinion we overlooked one point that is worthy of attention: The victim of the criminal assault was asked upon cross-examination whether he had not had similar relations with others, for the purpose of discrediting his testimony. An objection to the question was sustained, which is assigned as error. The evidence may be competent, (Jones on Ev., § 830, Wigmore on Ev, §§ 977 to 996), but if so its admission was within the discretion of the court. *Id.* See also *Union Gold Mining Co. v. R. M. Nat'l Bank,* 1 Colo. 531, 549. The ruling on such questions is not subject to review. *Johnson v. Jones,* 1 Black (U. S.) 209, 17 L. Ed. 117. See also *State v. McCarthy,* 17 Minn. 76; *Merrill v. Perkins,* 59 N. H. 343; *Noblin v. State,* 100 Ala. 13, 14 South. 767; *Tobias & Co. v. Treist & Co.,* 103 Ala. 664, 15 South. 914; 40 Cyc. 2570, and cases cited.

The defense attempted to prove the same fact by the witness Phillips, but the authorities are practically unanimous that such evidence is not competent. Wigmore on Ev. § 987.

Rehearing denied.