No. 14,647.

SCHECHTEL v. THE PEOPLE.
(99 P. [2d] 968)

Decided January 8, 1940. Rehearing denied March 4, 1940.

514

[redacted]

Messrs. MOYNIHAN-HUGHES, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. GERALD E. MCAULIFFE, Assistant, for the people.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as defendant, was indicted with four others for unlawfully conspiring to commit a felony, to wit, utter a forged and fictitious bond. Three of the defendants testified in behalf of the people. Defendant was convicted and sentenced, and he is here seeking reversal.

The errors asserted by defendant may be comprehended in two grounds: First, that certain testimony relating to the commission of other offenses was improperly admitted over the objection of defendant; and, second, that the evidence was wholly insufficient to justify a verdict of guilty against defendant. The evidence to which defendant objected and to the admission of which he duly excepted, is set forth in full in his motion for a new trial. We deem it unnecessary to detail it here. The only reference to other crimes was in the testimony of the accomplices, and related to defendant's business activities, indicating that some of them were not legitimate. The purpose of that testimony, as disclosed by the record, was to show defendant's financial status and

difficulties, and his motive in entering into the conspiracy charged. His financial liabilities were large and, in comparison, his assets were very small. This evidence, in view of the other testimony in the case, was clearly material and admissible for such purposes. *Helser v. People,* 100 Colo. 371, 390, 391, 68 P. (2d) 543. The record also discloses that in passing on objections of defendant to testimony offered on behalf of the people, the trial judge was eminently fair to defendant in his rulings, and that he specifically and properly limited the application of the questioned evidence in his instructions.

In support of defendant's second contention it is argued that the evidence for the state was so incredible that the trial court should not have permitted a conviction based thereon to stand. The credibility of the witnesses was primarily a question for the jury. The case of the people was based, to a large extent, upon the uncorroborated testimony of accomplices. It is the law of our state that one may be convicted upon this character of testimony, but to support the conviction it must be clear and convincing, must be received with great caution, and show guilt beyond a reasonable doubt. *Solander v. People,* 2 Colo. 48; *People v. Boutcher,* 89 Colo. 497, 4 P. (2d) 910. The trial judge by instructions, to which there was no objection, properly advised the jury upon this phase of the case, and in overruling the motion for a new trial, stated: "While it was, perhaps, obvious to everyone connected with the case that some persons were not telling the truth, it finally resolved itself into a situation where it was the province of the jury to determine from those conflicting stories who was telling the truth. They arrived at their conclusion, and I do not think the Court has any right to substitute its judgment or its conclusion for that of the jury." The defendant's second contention was properly rejected. There are, occasionally, criminal cases in which the evidence of the people is palpably incredible, totally dis-

credited or absolutely impeached, and in which the trial or reviewing court properly refuses to sustain a conviction. A review of the record in this proceeding convinces us that this is not such a case.

The judgment is affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE YOUNG not participating.