No. 19,158.

MIGUEL MENDELSOHN v. PEOPLE OF THE STATE OF COLORADO.
(353 P. [2d] 587)

Decided July 5, 1960. Rehearing denied August 2, 1960.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GERALD HARRISON, for defendant in error.

*In Department.*

PER CURIAM.

PLAINTIFF in error, hereinafter called the defendant, was charged in four counts of an information with the commission of second degree arson; conspiracy to commit arson of the second degree; burning to defraud an insurer; and conspiring to commit burning to defraud an insurer, in that order. Defendant pleaded not guilty to all charges. One Lucero, an employee of the company of which defendant was the chief stockholder and general manager, was jointly charged with defendant in commission of the crimes. Defendant was granted a severance and his trial proceeded separately. Lucero had plead guilty to the first and second counts of the information, and with the approval of the trial court the third and fourth counts as to him were withdrawn by the district attorney. Following his conviction, Lucero was given probation. Trial of the defendant resulted in ver-

dicts of guilty upon all except the fourth count of the information, which was dismissed by the trial court at the close of the people's case. Motion for new trial was denied and defendant sentenced to the state penitentiary. Urging that the trial court committed prejudicial error, the defendant is here by writ of error seeking reversal.

Among the thirty-three assignments of error, those which merit consideration are the following, viz: That the withdrawal of the third and fourth counts of the information against Lucero was an automatic dismissal of such counts against defendant; that defendant's business records should have been returned to him by the district attorney; that the trial court refused to permit defendant's counsel to interrogate people's witness Lucero concerning his status at the time of trial; and that there was not sufficient credible evidence to warrant conviction.

(1) We will dispose of the last contention first. The facts are simple. Evidence on behalf of the people tended to establish that prior to November 22, 1957, the defendant arranged with Lucero to destroy by fire the business and plant of Big Chief Bottling Company, a corporation, at 912-918 Larimer Street, Denver, of which, as stated above, defendant was the principal stockholder and general manager. Lucero was a driver and route salesman of the company with a prior conviction of non-support of his family. Defendant promised him $1,000.00 to burn the building. The deed was to be done in such manner that fire insurance could be collected and a new building erected for a smoother operation without so many breakdowns. The fire and business interruption insurance had been increased a few months before the fire. At approximately 8:50 p.m. on November 22, 1957, a fire at the bottling works was reported. Upon arrival of the fire department the building was enveloped in flames. The east wall had blown out and the roof was lying upon the bottling equipment. Lucero, in an injured condition, was rescued from the roof of an adjacent struc-

ture. He was practically incoherent and was taken to a hospital. Open containers of gasoline were found in the bottling company area.

At the trial Lucero testified that defendant placed "settings" of jugs of gasoline in various parts of the building, and that he (Lucero), as had been arranged, began execution of the unlawful act by lighting two torches and moving towards the settings to ignite them. An explosion occurred inside the building. Lucero escaped by crawling up a portion of the roof to and upon the roof of an adjacent building.

The day after the fire, defendant went to Lucero's home and gave his wife $50.00, and on that occasion told her "That if somebody came and investigated to tell them that Joe wasn't working 'that night'" (of the fire). Two days thereafter defendant called at the Lucero home and in the presence of witness Lola G. French, asked Mrs. Lucero, "Has anybody been to investigate you?" to which Mrs. Lucero answered, "They already investigated me," whereupon defendant replied, "What did you say, so we could all stick to the same story." The "story" that the defendant wanted these witnesses to relate was that Lucero "hadn't gone to work; that he had gone out to cash his check on that night, on the night of the fire, on the 22nd."

The defendant in conformity with his pleas of "not guilty" denied this testimony and gave an account of himself compatible with innocence. He points out discrepancies in Lucero's testimony and urges that it is uncorroborated and not credible. In this jurisdiction the testimony of an accomplice, while it need not be corroborated, must be received with great caution, and when standing alone is relied upon for a conviction, must be clear and convincing and show guilt beyond a reasonable doubt. *Solander v. People,* 2 Colo. 48; *Moynahan v. People,* 63 Colo. 433, 167 Pac. 1175; *Hoffman v. People,* 72 Colo. 552, 212 Pac. 848; *People v. Boutcher,* 89 Colo. 497, 4 P. (2d) 910; *Schectel v. People,* 105 Colo. 513, 99 P.

(2d) 968; *Ellis v. People,* 114 Colo. 334, 164 P. (2d) 733; *People v. Urso,* 129 Colo. 292, 269 P. (2d) 709; *Bowland v. People,* 136 Colo. 57, 314 P. (2d) 685. However, in the case before us Lucero's testimony is corroborated as amply shown by the foregoing recital of facts. Under the often expressed rule, the jurors were the sole judges of the credibility of the witnesses and of the weight to be given their testimony. The jury here was entitled to weigh the testimony of the several witnesses, including that of defendant, together with the physical facts and to determine where the truth lay; this they did guided by unchallenged instructions. The claim that there was not sufficient credible evidence to justify defendant's conviction is untenable.

(2) The contention that the withdrawal by the district attorney of the third and fourth counts of the information against Lucero caused an automatic dismissal of these counts against defendant, if it has any merit at all, applies to the fourth, but not to the third, count. The rule is well stated in 14 Am. Jur. par. 303, p. 970, as follows:

"The dismissal of a prosecution by a district attorney as to one of several persons accused of one act and jointly indicted therefor, for the purpose of using him as a witness, is a practice so well recognized as to have been seldom questioned. The same rule is generally applicable to a nolle prosequi as to one of several counts in an indictment. A majority of the cases, however, subscribe to the rule that if the prosecution enters a nolle prosequi as to one of two persons accused of conspiracy the other must be acquitted."

As to the fourth count jointly charging defendant and Lucero with conspiracy to defraud the insurer, the trial court dismissed that count against defendant at the close of the people's case. There was no conviction of defendant upon the fourth count, hence no error.

(3) Subsequent to the fire the defendant voluntarily surrendered his company's books showing its

financial condition to the Denver Fire Department. These books were turned over to the district attorney by the fire department. The defendant moved the trial court for an order to return the books. The motion was denied, but the trial judge ordered that the district attorney permit defense counsel to examine these documents in advance of the trial in the presence of a member of the district attorney's staff. No such examination was made nor did the people use the books as evidence. The trial judge in a sense of utter fairness gave to the defendant an opportunity of inspection not afforded by law. We have heretofore ruled that in criminal cases the right of examination and inspection of the people's evidence by a defendant is nonexistent unless required by statute; that the doctrine of discovery is a stranger to criminal procedure in Colorado, and that there is neither statute nor precedent authorizing defendant's counsel to make an examination or inspection of the people's evidence prior to the time it is offered at the trial. *Silliman v. People,* 114 Colo. 130, 162 P. (2d) 793; *Rosier v. People,* 126 Colo. 82, 247 P. (2d) 448; *Walker v. People,* 126 Colo. 135, 248 P. (2d) 287. The trial court did not err in denying defendant's motion to return the books prior to trial.

(4) The defendant assigns error in the ruling of the trial judge with reference to cross-examination of Lucero concerning his status when testifying at defendant's trial. More specifically, complaint is made that the defendant was not permitted, over objection, to cross-question Lucero as to whether he was granted probation subsequent to his conviction under pleas of guilty to the first and second counts of the information. The record shows that the trial court permitted defense counsel to elicit from Lucero that he was on parole from a court sentence for non-support of his family at the time that he committed the arson for which he was jointly charged with the defendant. The trial court did not permit interrogation of Lucero concerning whether he was

granted probation in the non-support case. With reference to Lucero's convictions for arson while he was testifying in the trial of defendant, the trial judge ruled: "When an accomplice gets on the stand his status is subject to inquiry and his status at the time he testifies is subject to inquiry." The door was open for cross-examination of Lucero concerning his status at the time of defendant's trial. Defendant did not pursue the matter further. The ruling of the trial court was correct.

The defendant was adequately represented by counsel and was found guilty by a jury in a trial over which an experienced judge presided. Finding no prejudicial error in the record, the judgment must be and is affirmed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE HALL and MR. JUSTICE DAY concur.