No. 23678.

Jeff Davis *v.* The People of the State of Colorado.
(490 P.2d 948)

Decided November 22, 1971.

Robert L. McDougal, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for defendant in error.

*In Department.*

Opinion by Francis W. Jamison, County Judge Retired*.

Plaintiff in error, Jeff Davis, was convicted by a jury of theft under 1967 Perm. Supp., C.R.S. 1963, 40-5-2, and conspiracy to commit theft under C.R.S. 1963, 40-7-35.

Jeff Davis and Allen Sword were charged as co-defen-

dants with the crimes of theft and conspiracy to commit theft. Sword pleaded guilty and was the chief prosecution witness against plaintiff in error Davis. The prosecution presented only three witnesses.

Wayne Ellis testified that he owned a 1953 yellow Harley-Davis motorcycle. On the night of September 11, 1967, the motorcycle was parked in front of his apartment at 1243 Washington Street, Denver, Colorado. It did not need a key to start it. When he went to get it from its parking place on September 12, 1967, it was missing. He reported to the police that his motorcycle had been stolen.

Detective Radovich testified that Allen Sword on or about February 15, 1968, turned over to him a dismantled 1953 yellow Harley-Davis motorcycle. There was missing a seat, front tire and windshield.

Allen Sword testified that on the evening of September 11, 1967, he and Jeff Davis were riding around together and saw the motorcycle parked at the curb between 12th and 13th Avenues on Washington Street, Denver, Colorado. Sword remarked that it would be easy to take the motorcycle and Davis agreed; but Sword did not have any place where they could take it to dismantle it. Davis made arrangements with a friend, Richard Facinelli, to use the friend's garage. Later that night, Facinelli drove Sword and Davis back to where the motorcycle was located. Sword stated that he and Davis "walked up the alley and went in between the parking lot and the houses and went over to the motorcycle and just stood by and watched." The motorcycle did not require a key to start the ignition, so Sword started it and drove it away. Davis returned to the car and he and Facinelli followed Sword to Facinelli's house, where they stored the motorcycle in the garage for the rest of the night. The next day, Sword and Davis dismantled the motorcycle and sometime later, Davis received a tire, the windshield, and the seat. Sword further testified he later moved the dismantled motorcycle to various locations with the help of one Frank

Phelps and eventually, in February (1968) turned the dismantled motorcycle over to Detective Radovich, minus the parts Davis had received.

Thereafter, the defendant presented his evidence:

Davis, the defendant, categorically denied his participation in the crime. He testified that he was not with Sword on September 11, 1967 at any time. Rather, he spent the night with Facinelli at the latter's home repairing Facinelli's automobile. Davis did see Sword on September 12, 1967, around noon, when Sword rode up to Facinelli's house on a yellow motorcycle. Mrs. Facinelli, Richard's wife, asked Sword where he got the motorcycle and he replied he had stolen it. Whereupon, Mrs. Facinelli told him to get it out of there and take it back where he got it.

Among other witnesses, the defense presented Richard Facinelli, Mrs. Facinelli, and Frank Phelps. The Facinellis testified essentially the same as Davis and Frank Phelps supported Davis' version, and further testified that he had never helped Sword transport a dismantled motorcycle, but had on two occasions helped Sword transport a three wheel cycle that Sword owned.

I.

The main thrust of defendant Davis' assignment of error is that the testimony of the accomplice in this case was not sufficiently clear and convincing, standing alone, to establish guilt beyond a reasonable doubt, and the trial court should have granted defendant's motion for acquittal at the end of all the evidence. The prosecution concedes that this is a case of conviction based on the uncorroborated testimony of an accomplice. Both the defendant and prosecution agree that the rule in such cases was correctly enunciated by the trial court in its instruction No. 13:

"While you may convict upon the uncorroborated testimony of an accomplice, still you should act upon his testimony with great caution, subjecting it to a careful examination in the light of the other evidence in the case,

and you are not to convict upon such testimony alone unless satisfied, after such careful examination, of its truth. If not so satisfied you cannot convict without such corroboration of the same as will convince you beyond a reasonable doubt, and in the absence of such corroboration, your verdict should not be guilty.

"Corroborating evidence means such evidence, either direct or by proof of surrounding facts and circumstances, as tends to establish the participation of the defendant in the commission of the offense."

The above instruction correctly states the Colorado rule concerning uncorroborated testimony of an accomplice. *Mendelsohn v. People,* 143 Colo. 397, 353 P.2d 587; *Schechtel v. People,* 105 Colo. 513, 99 P.2d 968. There can be no question that this was a case of conflicting evidence. Either Sword's version was true or Davis' version was true. The two versions are clearly irreconcilable. In such a case, it is for the jury, not the judge, to determine whether the testimony of Sword required corroboration. *Bradley v. People,* 157 Colo. 530, 403 P.2d 876.

■ In view of the above, the trial court did not err in refusing to grant the motion for acquittal. And on review, this court must accept the jury's findings. *Kelly v. People,* 166 Colo. 322, 443 P.2d 734; *Neighbors v. People,* 161 Colo. 587, 423 P.2d 838.

## II.

The defendant, Davis, further asserts that there was insufficient evidence to convict him of conspiracy.

■ There are three essential elements of the crime of conspiracy: (1) There must be a combination of two or more persons; (2) There must be the existence of an unlawful purpose to be accomplished, which in Colorado must amount to a crime; and (3) There must be a real agreement, combination, or a confederation with a common design. *LaVielle v. People,* 113 Colo. 277, 157 P.2d 621; *Olde v. People,* 112 Colo. 15, 145 P.2d 100; *Smaldone v. People,* 103 Colo. 498, 88 P.2d 103; 11 Am. Jur. 544. Almost all of Sword's testimony indicated that he and Davis

were together during the planning and execution of the taking of the motorcycle which amounted to the crime of theft. There is abundant evidence of the first two of the above elements of the crime of conspiracy and this is not seriously contested by the defendant. It is the third of the elements that the defendant challenges, insisting that there was a failure of proof of a real agreement, combination or confederation with a common design.

■ In explaining what occurred when he and Davis first spotted the motorcycle, Sword testified:

"Well, I told him that the motorcycle would probably be easy to take and he agreed with me and he asked me where we could take it and I told him that I didn't have any place that I knew where I could take it to take it apart. So this is when he asked Richard Facinelli if he could use his garage and it was agreed upon."

The inescapable conclusion from the above testimony is that there was a "real agreement" between Sword and Davis to commit the crime of theft of the motorcycle.

■ The question of the existence of a conspiracy was clearly presented by the evidence and was properly submitted to the jury. In such a case, the finding of the jury is conclusive. *Duran v. People,* 162 Colo. 419, 427 P.2d 318; *Vigil v. People,* 161 Colo. 224, 421 P.2d 120; *Ruark v. People,* 157 Colo. 320, 402 P.2d 637.

The other assignments of error were considered and either decided by I and II above or found to be without merit and it is unnecessary to recite the reasons therefore in this opinion.

Judgment affirmed.

MR. JUSTICE HODGES, MR. JUSTICE ERICKSON and RONALD J. HARDESTY, District Judge*, concur.

*Judges sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.