### No. 26136

## The People of the State of Colorado v. Steven P. Martinez
(531 P.2d 964)

Decided February 18, 1975.                    Rehearing denied March 3, 1975.

414

John P. Moore, Attorney General, John E. Bush, Deputy,

David A. Sorenson, Assistant, John R. Rodman, Assistant, for plaintiff-appellee.

Brenman, Sobol & Baum, Melvin Rossman, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE DAY.

This is an appeal from a jury conviction of defendant Martinez on two counts of assault with a deadly weapon. We affirm.

The evidence was that on the day of the alleged offense two shots were fired from a speeding car. One shot hit a four-year-old, who soon recovered. The second shot hit a seventeen-year-old, who became permanently paralyzed. The defendant Martinez was apprehended and charged with two counts of assault to murder, as well as the two counts on which the jury returned its guilty verdicts on the lesser offenses as noted above.

At trial the prosecution presented two witnesses who were participants in the crime. One, given immunity by the police, related the events in which he admitted being involved. The other, although not given immunity, substantially verified his cohort's story. The prosecution also presented the testimony of two by-standers who claimed to be eyewitnesses. The defendant relied upon an alibi defense, and impeachment of the prosecution witnesses.

The defendant presents numerous issues on appeal, but we will discuss only one in detail.

It is the defendant's theory that the two bystander witnesses were incredible and unworthy of belief. If that be true, he argues, the only remaining evidence would be the uncorroborated testimony of two alleged accomplices. He then concludes that because the case would hinge on the credibility of the accomplices, the jury should have been instructed (1) to determine whether the participants were, in fact, accomplices; and (2) whether, if accomplices, their testimony viewed with great caution was clear and convincing to prove guilt beyond a reasonable doubt. For cases defining accomplices, *see Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968); *Burns v. People,* 148 Colo. 245, 365 P.2d 698

(1961). For cases outlining appropriate cautionary instructions on testimony of an accomplice *see Davis v. People,* 176 Colo. 378, 490 P.2d 948 (1971); *Schechtel v. People,* 105 Colo. 513, 99 P.2d 968 (1940); *People v. Boutcher,* 89 Colo. 497, 4 P.2d 910 (1931).

The People respond by denying that the prosecution's witnesses were unbelievable, but state rather that they thoroughly corroborated the testimony of the participants, and moreover could have established the defendant's guilt independently. Thus, the People insist the defendant was not convicted solely by the uncorroborated testimony of alleged accomplices. See *Davis, supra; Miller v. People,* 92 Colo. 481, 22 P.2d 626.

■ In Colorado, an accomplice is not *per se* an unworthy witness. His status as an accomplice goes to credibility, but not to competency. This is true even though the accomplice has been promised immunity from prosecution by appearing as a witness against the defendant. *Barr v. People,* 30 Colo. 522, 71 P. 392 (1903).

■ If the jury is instructed to review the testimony with great caution, it may convict upon the uncorroborated testimony of an accomplice which is clear and convincing and shows guilt beyond a reasonable doubt. *Davis, Schechtel, Boutcher, supra.* Otherwise, such testimony requires corroboration which convinces the jury beyond a reasonable doubt. The corroborating evidence may be direct or circumstantial, and must establish the participation of the defendant with the commission of the offense. *Davis, Miller, supra.* It may come from outside sources, or may be in the form of one accomplice corroborating another. *Boutcher, supra.* However, the evidence of an accomplice need not be verified in every part. Corroboration of some portion of the accomplice testimony which is material to the issue is sufficient. *Miller, supra.*

■ In this case, there is evidence in the record of circumstantial corroboration. The car used in the shooting, which belonged to one of the participants, was identified as to color by two eyewitnesses.

The participants stated that the defendant was sitting in the backseat of the car, behind the driver. They insisted it was he who fired the shots. At least two back-up witnesses could see where the shots came from. One witness clearly identified the defendant and corroborated the participants' story almost in its entirety. The second witness stated that she saw three shadows, but that the shots

had come from the backseat. The participant witnesses stated that the gun marked as a People's exhibit looked like the one the defendant had used. The ballistics report corroborated that bullets taken from the victims were fired from the gun, as was a casing found in the car under the driver's seat.

While the bystander witnesses' testimony did not tally in all respects, it was uniform as to the primary issues. Thus, the defendant was circumstantially placed and involved with the crime.

With such a posture to the case we cannot say that the judge committed reversible error by not submitting to the jury the defendant's tendered instructions on accomplices. While we do not rule that the participants were accomplices as a matter of law, still their testimony was sufficiently corroborated that we do not believe the defendant was prejudiced by the court's action. We quote with approval from *Wilkins v. People*, 72 Colo. 157, 209 P. 1047 (1922):

"The court refused to instruct the jury that the uncorroborated testimony of an accomplice ought to be received with great caution. The proposition is true, but in this case the testimony of the accomplice, if he was an accomplice, was corroborated. * * * by * * * circumstantial evidence.

"It is urged that it was for the jury to say whether there was corroboration. It is true it was for them to say whether the corroboration was sufficient, but it seems to us it would be misleading to suggest to them that there was no corroboration, when, as a matter of fact, there was * * * ."

*See also Miller, supra.*

■ Furthermore, we do not find the testimony of the prosecution's back-up witnesses so palpably incredible and so totally unbelievable as to be absolutely impeached as a matter of law. *See People v. Urso*, 129 Colo. 292, 269 P.2d 709 (1954); *Schechtel, supra.* Thus, the jury was entitled to weigh and consider it, and to believe all, part or none of it.

We have noted all of the defendant's other assignments of error and find them to be without merit.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.