No. 20922.

ROGER ABEYTA v. THE PEOPLE OF THE STATE OF COLORADO.
(400 P.2d 431)

Decided March 8, 1965.     Rehearing denied April 12, 1965.

Don B. Oliver, Lila I. Ludlam, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Pringle.

Roger Abeyta was convicted of robbery and conspiracy to commit robbery of a store located in Denver, Colorado. From that conviction he brings writ of error here.

The record shows that on November 30, 1961, four men simultaneously entered the store in question and proceeded to execute the robbery for which Abeyta was convicted. Three witnesses, one of them a patrolman of the City and County of Denver, who were present in-

side the store at the time of the robbery, positively identified the defendant as one of the men who perpetrated the crime.

Abeyta contends here (1) that the district attorney made improper prejudicial statements in his closing argument; (2) that the court permitted into evidence improper hearsay; and (3) that there was no evidence of conspiracy and that as a result of these claimed errors we must reverse the case for a new trial. We do not agree.

We deal first with the contention that improper prejudicial remarks were made by the district attorney in his closing argument. No record was made of the closing argument, nor did trial counsel request that such a record be made. No objection was lodged to the alleged "improper prejudicial statements," and they do not appear in the reporter's transcript on file here. We have repeatedly held that the failure to make timely objection to alleged improper remarks generally precludes review by this Court of alleged error of the trial court in permitting such remarks. *Milow v. People,* 89 Colo. 469, 3 P.2d 1077 and the cases cited therein.

Moreover, since the record itself does not disclose the remarks complained of, or the context in which they were used, it is impossible for us to determine what actually transpired at the trial in this connection, or to determine the propriety of the alleged remarks. See *Montez v. People,* 110 Colo. 208, 132 P.2d 970.

Abeyta's contention that improper hearsay was admitted is based on the trial court's permitting one of the witnesses to testify on redirect examination that the district attorney had advised him to tell the truth when testifying. On cross examination, counsel for defense had asked the witness if he had discussed the case with anyone, and the witness had answered that he had discussed it with the police officers investigating the case, and with the district attorney that morning. The purpose of the district attorney's questioning was to rebut

any unfavorable inferences which might have been drawn from the cross examination. This he had an unqualified right to do. *People v. Tucker,* 142 Cal. App.2d 549, 298 P.2d 558; *State v. Tatko,* 119 Vt. 459, 128 A.2d 663. The evidence was not offered as substantive proof of the crime but only to rebut some inferences that the witnesses' testimony had been suggested by the district attorney. As such, the evidence was clearly admissible.

■ The hearsay rule, with certain exceptions, generally forbids evidence of out of court utterances to prove the facts asserted in them. However, proof of utterances may be made with an almost infinite variety of other purposes not resting for their value on the veracity of the out of court declarant and hence falling outside the hearsay classification. McCormick, *Evidence,* § 228, p. 463 ff. This is true when proving the truth of the existence or non-existence of a fact in issue is not the purpose for which the statement is introduced. The statement complained of here represents such a situation.

■ Finally, Abeyta contends that there was insufficient evidence to submit the charge of conspiracy to the jury. It is well established that the existence of the agreement or assent of minds necessary to constitute a conspiracy need not be proved directly, but may be inferred from the facts provided. *La Vielle v. People,* 113 Colo. 277, 157 P.2d 621. What circumstances will support a conviction of conspiracy is cogently phrased in 3 Greenleaf, *Evidence,* § 93 (16th ed.), quoted with approval by this Court in *Smaldone v. People,* 103 Colo. 498, 510, 88 P.2d 103 in the following words:

"The evidence in proof of a conspiracy will generally, from the nature of the case, be circumstantial. Though the common design is the essence of the charge, it is not necessary to prove that the defendants came together and actually agreed in terms to have that design, and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another

another part of the same so as to complete it, with a view to the attainment of that same object, the jury will be justified in the conclusion, that they were engaged in a conspiracy to effect that object. * * *"

Here the evidence shows that the four who took part in the robbery entered the store simultaneously; that each performed a given task toward the accomplishment of the robbery; and that they all fled together. To decide that this evidence does not meet the test laid down in *Smaldone, supra*, would be to hold that the trial court should have ruled as a matter of law that the evidence showed no more than that the four perpetrators of the robbery, individually, determined to rob the store involved, and that, by some strange force of circumstance, each entered the store to further his individual intent at the same time as did each of the others and independent of any of the others. To state the proposition is to show its utter tenuousness.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.