No. 20898.

JAMES HOWARD JOBE *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(408 P.2d 972)

Decided December 20, 1965. Rehearing denied January 10, 1966.

Marcus Werther, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John E. Bush, Assistant, George H. Sibley, Special Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error will be referred to as the defendant. On October 20, 1961, he was accused of having committed the crime of robbery on the 13th of October, 1961, in the City and County of Denver. The trial court appointed an attorney to represent him and on October 24, he was arraigned and pleaded not guilty. After several continuances were granted at the request of the district attorney a trial date was set for May 3, 1962. On April 18, defendant filed a motion for continuance, alleging that:

"1. Because of the extreme adverse publicity and comments from the press and bench of defendant's conviction and sentence of several days ago, defendant would be unable to secure a fair and unbiased jury for this trial.

"2. Defendant is physically and mentally exhausted from his two prior trials, convictions, sentencing and perfecting of appeals from same as to be unable to proceed with this trial at this date."

The motion was denied April 18, 1962.

The case came on for trial on May 3, 1962, but the

jury was unable to agree on a verdict. The jury was therefore discharged; a mistrial was declared and the case was then reset for trial on May 11, 1962. No objection was offered by the defendant. Later, the case was continued to September 10, 1962.

On August 28, 1962, defendant filed a motion for a reporter's transcript of the former trial on the grounds that he was indigent and without funds to pay for it; and, that because the testimony in the new trial would be similar to that given in the first trial he would need such a transcript to adequately prepare for cross-examination. The motion was denied.

On November 16, 1962, defendant filed a motion to dismiss on the grounds that he was arrested October 13, 1961; that he had not received a speedy public trial as guaranteed by the Colorado State Constitution; that more than two terms of court had elapsed since his incarceration; and that none of the delays were the fault of or by request of the defendant. This motion was denied on December 13, 1962, and a new trial was begun on that day. Trial was concluded on December 14, 1962, and resulted in a verdict of guilty as charged in the information.

A motion for new trial was filed in which it was asserted that error was committed in that:

"1. The verdict is against the law and evidence in this case.

"2. The repeated questions by the District Attorney of the perpective (sic) Jurors on Voir Dire relating to the defendant testifying was such as to imply that if he failed to take the stand it would be used as evidence to show his guilt.

"3. The closing arguments by the District Attorney regarding the Defendant having the right to take the stand was such, when considered by the numerous repetitions of said statement imply strongly that his not taking the stand showed his guilt or was evidence of his guilt.

"4. The Defendant's Attorney was not given sufficient latitude in cross-examination of the state witness in that the Court sustained all objections made by the District Attorney to repetitious questioning and would not allow counsel for defense to pursue a point if a question on said point had been asked prior to the question."

We hold that the points to which the trial court's attention was directed in the motion for a new trial were without merit. The record contains an abundance of evidence supporting the verdict of the jury; the law applicable to the issues was correctly set forth in the court's instructions to the jury; no error was committed in the reception or rejection of evidence; the voir dire examination of jurors is not a part of the record before us for review and any irregularity in connection therewith is not otherwise made to appear; and the record contains nothing that was said by the attorneys in their closing arguments to the jury. Furthermore, no argument is advanced by present counsel for the defendant which is based on any point specified as ground for reversal in the motion for a new trial.

The defendant bases his argument for reversal on a number of assertions from which we mention the following:

1. That the trial court erred in refusing to supply the defendant with a reporter's transcript of the evidence upon the trial resulting in a hung jury.

2. That the defendant was prejudiced by newspaper accounts concerning his criminal activity.

3. That his former attorney asked a question which called for an answer prejudicial to the defendant and which led to the disclosure that he was arrested "at the parole office."

4. That the trial court should have appointed more than one attorney to represent him.

5. That there was an undue delay in the trial and that the second trial was held after the expiration of

the statutory period within which a "speedy trial" must be had.

6. The sentences imposed upon the defendant following three convictions in separate cases added up to a total of thirty years, and that the sentences "handed down" therein were "both illegal and void by reason of statutes because of the fact that in all three cases sentences were fused into one sentence."

 There is no showing whatever that the defendant did not have a fair trial. Arguments not pointed out with particularity in the motion for a new trial will not be considered by this court except under exceptional circumstances, none of which are present in this case.

The Colorado Rules of Criminal Procedure became effective November 1, 1961. Rule 33 provides, *inter alia:*

"* * * The motion for a new trial shall be in writing and shall point out with particularity the defects and errors complained of. * * *

Rule 37(b) provides:

"A writ of error shall not issue to a final judgment against a defendant unless a motion for a new trial or in arrest of judgment has been filed as provided by Rules 33 and 34 and a clerk's certificate to that effect has been filed with the Supreme Court. Only questions presented in such motions will be considered on review, except that plain error or defects affecting substantial rights may be noted although they were not brought to the attention of the trial court."

In *Wilson v. People,* 143 Colo. 544, 354 P.2d 588, this court, in discussing a motion for a new trial, said:

"This motion was overruled and defendant was sentenced to a term in the penitentiary. He brings the case here for review assigning as error numerous matters not called to the attention of the trial court in the motion for new trial. We need not repeat the oft announced rule that only matters stated as error in the motion for new trial will be considered on review."

The judgment of the trial court is affirmed.