No. 21609.

JOE GABRIEL ROBLES v. THE PEOPLE OF THE STATE OF COLORADO.
(417 P.2d 232)

Decided August 2, 1966.

298

BRENMAN, CIANCIO, EPSTEIN, KRANZLER, ZEROBNICK and ZUCKERMAN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the court.

JOE GABRIEL ROBLES, hereinafter referred to as Robles or the defendant, seeks reversal of a judgment sentencing him to a term of from eighteen months to seven years in the State Penitentiary for conspiracy to commit robbery.

Robles was charged in count 1 of the information with robbery with a dangerous weapon and in count 2 with conspiracy to commit the offense charged in count 1.

At the trial, the testimony showed that there was a robbery committed by two masked men at the Welcome Inn on July 28, 1962. There was no evidence that anyone other than the two men who committed the robbery was involved.

The victim, one Ward, testified that two masked gunmen entered the tavern between 10:00 and 10:30 P.M. on the night in question. As one of the gunmen went behind the bar where Ward was standing, the other

took up position on the other side of the bar and watched the customers. Ward was unable to describe the facial characteristics of either gunman, but he did testify that one man was taller than himself and the other was shorter. The height of the taller gunman was placed at 5 feet, 11 inches, and the shorter at 5 feet, 5 inches. Later, Ward, who is 5 feet, 7 inches, was asked to stand next to the defendant, and it was observed that both men were the same height. Guerrero, the other eyewitness, corroborated Ward's testimony.

The People also produced the testimony of Detectives Brannan and Lopez wherein each testified to an extrajudicial statement by the defendant in which he replied "yes" to a question as to whether he committed the Welcome Inn robbery. This statement, made some several months after the Welcome Inn robbery, was given on the morning after defendant had been shot twice in another robbery, was awaiting surgery at Denver General Hospital and was, according to the testimony of the officers, in a great deal of pain. At a later date, after his recovery, the defendant refused to admit he committed the Welcome Inn burglary and denied he had told the detectives that he had. The trial court found, as a matter of law, that the statement made to the detectives was admissible in evidence.

The defendant pleaded guilty to the second robbery before trial in the present case and was sentenced to the penitentiary for that crime for a term of from eight to ten years. It is also to be noted that evidence was admitted over objection to show the type of wound suffered by defendant in the second robbery as compared to the severity of the wound suffered by the victim of that robbery, although defendant was not on trial for the second robbery.

At the close of the People's case, the defense moved for judgment of acquittal as to both counts of the information. The motions were based upon insufficiency of the evidence. The motions were denied and the issue

of defendant's guilt on both charges was submitted to the jury. Thereupon, despite the extra-judicial statement, the jury returned verdicts of not guilty on the robbery count and guilty on the charge of conspiracy to commit robbery.

Several grounds of error are urged, including a claim that the extra-judicial confession was improperly received into evidence. We are convinced that defendant's contention that under the circumstances of this case the verdict of not guilty on the charge of robbery required dismissal of the conspiracy count, is sound and, therefore, we need not discuss the other assignments of error.

To convict one of the crime of conspiracy, three elements must necessarily be proven beyond a reasonable doubt. There must be a real agreement, combination or confederation with a common design between two or more persons to accomplish an unlawful purpose, which, in this state, must amount to a crime. *La Vielle v. People,* 113 Colo. 277, 157 P.2d 621. However, since a conspiracy is generally covert it must, consequently, be established in most cases by circumstantial evidence. *Medina v. People,* 154 Colo. 4, 387 P.2d 733. The type of proof which will support a conviction of conspiracy to commit robbery has been set forth by this Court in *Abeyta v. People,* 156 Colo. 440, 400 P.2d 431. That case involved a writ of error taken from a conviction of both robbery and conspiracy to commit robbery. While the only evidence in the *Abeyta* case of conspiracy was, as here, the commission of the robbery itself, in that case Abeyta was identified as one of the robbers and *convicted* of the robbery. We held there that if it be shown that the parties pursued by their acts the same object the jury was justified in the conclusion that a conspiracy existed.

In the case before us, it is true that the People established the commission of the Welcome Inn robbery by two gunmen. The extra-judicial statements of the

defendant, if voluntary, therefore constituted sufficient evidence to sustain a verdict of guilty of robbery if such a verdict had been found. However, the jury, based on the evidence before it, found that the defendant was *not guilty* of the robbery. The very same evidence which the jury apparently did not believe was sufficient to prove the defendant participated in the robbery was the *only* evidence which could prove him guilty of conspiracy. Under such circumstances, the conspiracy verdict cannot stand.

The judgment is reversed.

MR. JUSTICE McWILLIAMS and MR. JUSTICE SCHAUER dissent.

MR. CHIEF JUSTICE SUTTON not participating.

MR. JUSTICE McWILLIAMS dissenting:

I respectfully dissent. In the first place in my view the matter of so-called "inconsistent verdicts" is a matter which was not really urged by the plaintiff in error in this court. Indeed, in his summary of argument, plaintiff in error makes no mention, as such, of this particular matter. I am most reluctant to resolve a writ of error on a point that has not been fully explored by the parties themselves.

Secondly, I am by no means convinced that the verdicts returned by the jury are in fact inconsistent, *i.e.*, the verdict of not guilty as to aggravated robbery, and a verdict of guilty as to conspiracy. To illustrate my thinking in this regard, the jury under the evidence might well have determined that Robles at the time and place of the robbery did *not* possess the "intent, if resisted, to kill, maim or wound the person robbed," which is an essential ingredient of aggravated robbery, and at the same time the jury in my view could have very *consistently* believed that Robles was nonetheless guilty of the crime of conspiracy. This is particularly so inasmuch as the evidence is that the victim did "resist" by

302

firing at Robles and there is no evidence that Robles fired back, thereby tending to negate any intent to kill, maim or wound when resisted.

Thirdly, and more importantly, even if the verdicts be deemed inconsistent, such determination does not mean that the guilty verdict as to the conspiracy charge must be set aside and not permitted to stand. See *Crane v. People,* 91 Colo. 21, 11 P.2d 567 and *Starr v. People,* 113 Colo. 268, 157 P.2d 135. And in each of these cases it should be observed that it was the "same evidence" which was offered in support of the conspiracy charge and in support of the charge of obtaining money under false pretenses in the *Crane* case, and the charge of embezzlement in the *Starr* case. I deem the majority opinion in the instant case to be at odds with both the *Crane* and *Starr* cases.