No. 22903.

CHARLES EUGENE POOLEY *v.* THE PEOPLE OF THE STATE
OF COLORADO.
(436 P.2d 118)

Decided January 15, 1968.     Rehearing denied February 5, 1968.

Edward H. Sherman, Public Defender in and for the City and County of Denver, Stephen C. Rench, Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

In this case plaintiff in error, the defendant below, was tried before a jury in the Denver district court on a two-count information charging him with burglary and conspiracy with his brother (who was tried separately) to commit burglary. The jury found him guilty of the conspiracy charge but returned a verdict of not guilty of the crime of burglary.

Error is assigned to the admission of certain exhibits; to the failure of the court to give a limiting instruction on the relevancy of these same exhibits; and on the principal ground that the verdict of guilty relating to the conspiracy count is inconsistent with the determination of innocence on the burglary count.

With reference to the exhibits — six in number, consisting of a sledgehammer; two screwdrivers; a pair of black gloves; and photographs of a Pepsi-Cola machine which had been pried open for the coins therein — the items were introduced to show a connection with and use in the burglary. It is contended that because they were not connected with the defendant they were not admissible. This contention is without merit.

Evidence tending to prove or bearing upon the fact of the consummation of a crime is properly admissible in a trial of the alleged accessory or co-conspirator. The crime of conspiracy to commit burglary and burglary are distinct and separate offenses. Evidence of the consummation of the conspiracy is proper not necessarily for the purpose of establishing the conspiracy, but as a circumstance tending to prove and throw light on it. *Short v. People,* 27 Colo. 175, 60 P. 350; *Helser v. People,* 100 Colo. 371, 68 P.2d 543.

For the reason that the exhibits were admissible to establish the guilt of the principal and therefore relevant to the trial of Pooley as an accessory and co-conspirator, the court did not err in refusing to specially instruct the jury as requested.

Contending the verdicts were inconsistent, Pooley relies on *Robles v. People,* 160 Colo. 297, 417 P.2d 232,

for the proposition that the jury may not convict a defendant of conspiracy to commit a crime when under the same evidence they acquitted him of the substantive crime. The *Robles* case is clearly distinguishable from the facts herein. In *Robles* the only evidence of the conspiracy was the evidence of the robbery itself in which two gunmen participated. It was apparent from its verdict of not guilty of robbery, the jury did not believe the defendant was one of the participants so there was no other evidence to connect him with the robbery or to establish the defendant had conspired to commit the robbery.

In the case at bar, however, there was ample evidence from which the jury could and did infer that there was an agreement between the defendant and his brother to burglarize the Harris Auto Parts offices — the premises involved herein. The defendant had visited the offices of the burglarized establishment on a Saturday, the day before the burglary, and, therefore, could have acquired knowledge of the interior offices.

The next day — a Sunday — he was with his brother in an automobile parked in front of the Harris building. Footprints in the snow indicated that he alighted from the car, approached the plate glass window of the establishment through which he could peer into the offices he had visited the day before. He was encountered by the police who at that time did not know that the Harris firm was then being burglarized. He was described as leaning against or being "crouched" against a fence which enclosed the yard of the Harris company.

His explanation to the police concerning his presence in the vicinity was that the car in which he and his brother had been riding had broken down. He gave false information to the police concerning his brother's whereabouts, stating that his brother had gone for assistance to obtain a tow truck or another car to either push or tow the disabled car. Footprints in freshly fallen snow, however, showed that his brother had

alighted from the car, had gone around the corner through an aperture in the fence, and had entered the building through a rear door in which the glass had been broken. Other footprints away from the building led police to the place where the brother was apprehended. Tracks in the snow — established as being made by the defendant — showed he had made at least three trips to the window of the Harris building through which one could look into the offices wherein was a safe with the dial knocked off, even though entry into it had not been made. Footprints of both occupants of the car leading away from the car demonstrated that neither had concerned himself with trying to start the car and that neither of the occupants had left the vicinity of the burglarized premises to obtain assistance to start the car.

From all of the circumstances the jury could infer that it was not happenstance or a coincidence that the car should become inoperative and stall (for no apparent reason) in front of the very offices that the defendant had visited the day before.

■■ The People concede that the defendant did not enter the building and that he was not in a position to either aid or assist in the physical act of breaking into it. Nevertheless, from all of the circumstances surrounding the defendant's actions, before and during the commission of the burglary, the People did present evidence from which the jury could find the essential elements of the conspiracy, i.e., (a) an agreement, (b) a common design between two or more persons, and (c) an unlawful purpose to be accomplished, which purpose amounts to a crime in Colorado. *La Vielle v. People,* 113 Colo. 277, 157 P.2d 621. Direct testimony of conspiracy between the parties is not necessary to support a conviction of conspiracy. It is sufficient if there is evidence in the record from which the jury can infer such agreement or meeting of the minds. *DeBaca v. People,* 160 Colo. 543, 418 P.2d 286. As was stated in

*Baker v. United States,* 329 F.2d 786 (10th Cir.), *cert. denied* 379 U.S. 853, 85 S. Ct. 101, 13 L. Ed.2d 56:

"The proof necessary to support a conviction for conspiracy is necessarily not direct or clear. The nature of the offense and the secrecy involved require that the elements of the crime be established by circumstantial evidence. As the Supreme Court said in Blumenthal v. United States, 332 U.S. 539, 68 S. Ct. 248, 92 L.Ed. 154: 'Secrecy and concealment are essential features of successful conspiracy. * * * Hence the law rightly gives room for allowing the conviction of those discovered upon showing sufficiently the essential nature of the plan and their connection with it, without requiring evidence of knowledge of all its details or of the participation of others. Otherwise the difficulties, not only of discovery, but of certainty in proof and of correlating proof with pleading would become insuperable, and conspirators would go free by their very ingenuity.' The Supreme Court also stated in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, that a criminal conspiracy need not be proved by direct evidence and that a common purpose or plan may be inferred from the development or the combination of circumstances."

It is further to be noted that the defendant offered no evidence on his own behalf explaining his presence at the scene or explaining his "tramping about" in the snow during the time the burglary was taking place inside the building. This court has held that where a defendant elects neither to testify nor to offer any explanation of the evidence in his own behalf, he cannot later successfully complain upon review that the jurors drew inferences of his guilt which were warranted by the circumstantial evidence.

The judgment is affirmed.