No. 22618.

RUDOLPH RICHARD SALAZAR *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(445 P.2d 60)

Decided September 3, 1968.    Rehearing denied September 30, 1968.

LEVI MARTINEZ, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Paul D. Rubner, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Rudolph Richard Salazar (hereinafter referred to as Salazar or defendant), seeks review of a judgment of the District Court in and for the County of Pueblo sentencing him to serve three to six years for the crime of conspiracy to commit kidnapping, aggravated robbery and assault with a deadly weapon.

George A. Garcia, James Martinez, Pablo Leroy Pacheco (all hereinafter referred to by their surnames), and Salazar were charged by an amended information in four counts with kidnapping, aggravated robbery, assault with a deadly weapon, and conspiracy to commit the three crimes. Garcia, Martinez and Pacheco entered pleas of guilty to assault with a deadly weapon, and the remaining counts were dismissed as to the three. Salazar entered a plea of not guilty. The jury returned a verdict of not guilty as to the substantive crimes, but found him guilty of conspiracy. Defendant's motions for a new trial and a judgment of acquittal were denied.

In the mid-evening of November 8, 1965, Salazar and the three persons mentioned above were riding in an automobile owned and driven by Garcia. The record shows that they had been drinking wine earlier, and were then taking Pacheco home. They saw James Tripp (hereinafter called Tripp or the victim) carrying groceries, stopped the car, and either forced him into the car, or lured him into the car by offering him wine. Tripp was both at the time of the incident and at the time of trial a mental defective, according to the expert testimony of a clinical psychologist. After he entered the car, Tripp was searched by Martinez and Pacheco.

Finding no money, the four men took Tripp to his home to get some. Garcia backed the car into the driveway of Tripp's home, honked the horn, and two little girls came from the house. From within the car, Tripp asked the girls to bring him eight dollars or he would be killed. The four men then drove away from the house, and took Tripp to a nearby prairie. Tripp was then beaten and abused and left suffering there from numerous bruises and small lacerations; and also from swelling about the face, ears and thighs. He had earlier been forced to disrobe, and by this time was muddied and bleeding. Later he was forced back into the car but let out again after riding a short distance.

Defendant contends that (1) the trial court erred in denying defendant's motion for a judgment of acquittal of the conspiracy count, on the ground that the evidence was insufficient as a matter of law to go to the jury; (2) the trial court erred in its refusal to dismiss the conspiracy count against Salazar, in view of the dismissal of the conspiracy charges against the three other men; (3) the trial court erred in giving certain instructions relating to the crime of conspiracy. We find no error and affirm.

## I.

The elements necessary to constitute the crime of conspiracy in Colorado have been set forth by this Court in *LaVielle v. People*, 113 Colo. 277, 157 P.2d 621 in the following language:

"* * * The first of these is that there must be a combination of two or more persons. The second essential is the existence of an unlawful purpose to be accomplished, which in Colorado must amount to a crime. *Olde v. People*, 112 Colo. 15, 145 P.2d 100. The third element is that, 'there must be a real agreement, combination, or confederation with a common design; mere passive cognizance of the crime * * * to be committed or mere negative acquiescence is not sufficient.' 11 Am. Jur., p. 544, § 4."

Salazar contends that the evidence in this case shows nothing more than mere presence during the transaction and at most only passive cognizance, and therefore does not meet the test of the third element of the crime of conspiracy as laid down in *LaVielle*. We do not agree.

■ This Court has repeatedly enunciated the proposition that direct testimony to establish a specific agreement is unnecessary to prove the crime of conspiracy. "It is sufficient if there is evidence in the record from which the jury can infer such an agreement or meeting of the minds." *Griffin v. People*, 157 Colo. 72, 400 P.2d 928. See *Pooley v. People*, 164 Colo. 484, 436 P.2d 118; *Abeyta v. People*, 156 Colo. 440, 400 P.2d 431; *LaVielle v. People, supra*.

While the record does not disclose that Salazar took part in all of the abuse administered to Tripp, it does contain testimony that Salazar had himself kicked the victim; that when the automobile ran out of gas, Salazar went with one of the others to obtain more fuel; that at one time he held the wheel of the car while one of his companions struck Tripp; and that although there were numerous opportunities to remove himself from the events taking place, he remained with the others. From all of these circumstances the jury could properly infer the agreement between Salazar and the others to commit the acts perpetrated upon Tripp.

Defendant relies heavily upon *Robles v. People*, 160 Colo. 297, 417 P.2d 232. But the *Robles* case is distinguishable from the facts in the instant case. In the *Robles* case, the only evidence which connected Robles with the robbery or the conspiracy was his answer under police interrogation that he had participated in the robbery. The answer was given while Robles was awaiting surgery and was in considerable pain. The admission, if believed by the jury, could have sustained verdicts of guilty on the counts of robbery and conspiracy to commit robbery. But since the jury, by acquitting Robles of robbery, indicated that it did not

accept Robles' answer as true, there was nothing left in the record to connect Robles to the commission of either the robbery or the conspiracy. Therefore, his conviction of conspiracy could not stand, absent some other evidence from which the jury could infer a conspiracy. In the *Robles* case there was none. Here, as we have pointed out, such independent evidence was present.

We therefore hold that the trial court did not err in denying the defendant's motion for judgment of acquittal on the conspiracy count.

## II.

▮ Defendant argues further that the conspiracy count should have been dismissed since it had already been dismissed against the other men involved. Thus he argues that a person cannot be convicted of conspiracy unless another is tried for the same crime. We have disposed of this argument adversely to the defendant's contention in *Bradley v. People*, 157 Colo. 530, 403 P.2d 876.

## III.

▮ Finally, defendant argues that Instructions 20 through 25 relating to conspiracy were erroneous because there was no evidence to warrant the giving of such instructions, and because the jury was not told by the instructions that the unlawful purpose sought to be accomplished must amount to a crime. We have already disposed of the first part of this argument.

The second part of the argument was not raised at the trial, and it was not presented in defendant's motion for a new trial. Accordingly, this Court will not review the question. See *Brown v. People*, 158 Colo. 561, 408 P.2d 981. If there be an error in the instructions, it is not so manifest as to require reversal.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.