No. 22840.

MICHAEL C. MOREHEAD *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(447 P.2d 215)

Decided November 25, 1968.

CARROLL and MacDONALD, DONALD P. MacDONALD, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

MOREHEAD was charged with robbery and conspiracy to commit robbery. The jury returned verdicts acquitting

this defendant of the robbery charge but convicting him of conspiracy to commit robbery.

The facts as briefly summarized from the evidence are as follows: Delbert E. Kenway, the victim of the robbery, was quite drunk and required assistance to leave an after-hours club in Denver. The defendant and one Trujillo offered their services. They escorted the victim from the establishment and when outside, they changed their role from being helpmates to that of being assailants. They both participated in beating the victim, and during the course of this affray, the victim was robbed of his wallet, a watch, some other personal items, and cash which the victim said amounted to $700. Some of the cash was in his shoes which were removed. At some point during the beating episode, the defendant left in a taxi. Trujillo was taken into custody at the scene and some of the personal items of the victim were found in his possession. However, the victim's watch, wallet and cash were not recovered. The following day the defendant was arrested. He was identified by the victim as being one of the assailants and was also identified by another witness as being present in the club and as being one of the assistants who with Trujillo helped remove the victim from the premises.

On this writ of error, the defendant advances three reasons why his conviction on the conspiracy count should be reversed. He claims the evidence of conspiracy was insufficient to convict and that there was no evidence presented to prove a conspiracy independent of the evidence directed to the substantive offense of robbery. Next, the defendant avers the jury's verdict of guilty on the conspiracy charge was attributable to an inadequate instruction on conspiracy to commit robbery. Lastly, the defendant says the trial court should have granted his motion for a mistrial because of an improper statement made by the prosecutor during final argument. Our review of this record and analysis of the evidence fails to sustain the defendant's claims of reversible error.

The defendant argues that it is apparent from the record that the only evidence offered in support of the conspiracy count was that directly concerned with the substantive charge of robbery, and that since the jury failed to convict the defendant of the robbery, it could not convict him on the conspiracy count. In support of this proposition, the defendant relies upon our ruling in *Robles v. People*, 160 Colo. 297, 417 P.2d 232 wherein we held that a jury may not convict a defendant of conspiracy to commit a crime when under the same evidence they acquit him of the substantive crime. In *Robles*, the record revealed that the only evidence of the conspiracy was the evidence of the robbery itself in which two gunmen participated.

The facts of the instant case, however, are clearly distinguishable from the facts of *Robles*. Here there is significant and independent evidence from which the jury could and did infer that the defendant and Trujillo participated in a conspiracy to rob the victim. We agree that the facts as shown from the evidence do not reflect an expressed agreement between the defendant and Trujillo with reference to the commission of this robbery, but this is not required if the evidence, as it does here, portrays facts from which clear inferences can be drawn that a plan to rob the victim was the subject of at least a tacit or implied understanding or agreement between them. Even though Trujillo and defendant may have offered their help to the victim separately, as claimed, they then cooperated with each other in carrying the drunk victim out of the club and they both participated in assaulting him. This constitutes sufficient and independent evidence of conspiracy and amply supports the jury's verdict of guilty to this charge. The verdict of not guilty to robbery is not inconsistent with the verdict of guilty to the charge of conspiracy to commit robbery. *Pooley v. People*, 164 Colo. 484, 436 P.2d 118; *Casias v. People*, 160 Colo. 152, 415 P.2d 344; *Abeyta v. People*, 156 Colo. 440, 400 P.2d 431.

■■ With reference to the claimed inadequate instruction on conspiracy, we note from the record that defendant's trial counsel, who is not his present counsel on this writ of error, accepted this instruction without objection, did not tender any other instruction on the definition of conspiracy, and failed to raise this issue in his motion for new trial. This assignment of error, therefore, is not reviewable in this court. Colo. R. Crim. P. 30 and 37(b); *Jobe v. People,* 158 Colo. 571, 408 P.2d 972; *Lucero v. People,* 158 Colo. 568, 409 P.2d 278; *Rhodus v. People,* 158 Colo. 264, 406 P.2d 679; *Zeiler v. People,* 157 Colo. 332, 403 P.2d 439. Although this instruction did not fully instruct the jury as to the definition of the crime of conspiracy nor did it follow the statutory definition of this crime as set forth in C.R.S. 1963, 40-7-35, nevertheless, when read in conjunction with the other instructions, particularly Instruction Nos. 1 and 6, it would appear that in substance the jury was told of the elements of the crime of conspiracy. Under these circumstances, this inadequate instruction is not deemed to constitute a fundamental error.

■ As to the alleged error of the trial court in not granting a mistrial for an improper statement made by the prosecutor in his final argument to the jury, the record fails to include a transcript of the final argument. We therefore do not have the benefit of knowing the exact nature of the statement and the context in which it was made. Suffice it to say that the trial judge deemed the statement to be nonprejudicial to the defendant after he considered the arguments of counsel for and in opposition to the motion for a mistrial. We must presume, therefore, that the trial judge properly exercised his discretion and judgment on the basis of his knowledge of the remarks actually made during the final argument.

Judgment affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS, MR. JUSTICE KELLEY concur.