No. 23178.

GERALD P. ARMIJO *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(462 P.2d 500)

Decided December 15, 1969.

.EDWARD H. SHERMAN, Public Defender, WILLIAM CHIS-
HOLM, Public Defender, TRUMAN E. COLES, Deputy, DAVID
G. MANTER, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE plaintiff in error, Gerald P. Armijo, was charged with burglary and conspiracy to commit burglary. Trial was to a jury. Verdicts of "not guilty" to burglary and "guilty" to conspiracy to commit burglary were returned. The trial court then sentenced this defendant to a term in the penitentiary and from this judgment the defendant brings this writ of error.

The several assignments of error advanced by the defendant for our consideration are without merit and therefore we affirm the judgment. Only a brief discussion of one of the assignments of error that these verdicts are inconsistent is deemed necessary and for this purpose a brief resume of the facts is set forth.

A residence was burglarized. On the second floor of this home, a member of the family was in bed. He testified that at about 10:20 P.M. he heard unusual noises in the downstairs area and several minutes later heard the back door of the home open and close. From an upstairs window, this witness saw two men in the backyard. He then went downstairs and called the police. He thereupon heard someone enter the house from the roof of the back porch, followed by noises on the second floor.

Shortly thereafter, two police officers arrived. One proceeded to the back of the house and the other was admitted into the house. This police officer heard someone running across the upstairs area and heard a screen rip. He went to the front door and saw a person complete a jump from the second floor. He shouted to the jumper to halt and fired a shot at him. This person ran and the police officer chased him for about two blocks before apprehending him. This police officer testified that he

did not at any time lose sight of this person from the time he saw him land in the front of the house until he caught him. He identified the defendant as being the same person.

Another witness, also a member of the family, testified that he had just parked his car in the alley behind the house when he saw a second party run from the backyard and into the alley. This witness followed this person for a short distance but then gave up the chase. This second party was not apprehended. In the backyard was found a paper sack containing items which were identified as articles taken from the first floor area of the home. Evidence was also presented to indicate that entry into the first floor was accomplished by prying off a screen of the dining room window.

It is the contention of the defendant that the verdicts of the jury are inconsistent. It is argued that the evidence upon which the jury acquitted the defendant of burglary, is identical to the evidence upon which the jury found the defendant guilty of conspiracy to commit burglary. Therefore, the defendant concludes we must reverse on the authority of *Robles v. People,* 160 Colo. 297, 417 P.2d 232, wherein we held:

"The very same evidence which the jury apparently did not believe was sufficient to prove the defendant participated in the robbery was the only evidence which could prove him guilty of the conspiracy. Under such circumstances, the conspiracy verdict cannot stand."

See also *People v. Way,* 165 Colo. 161, 437 P.2d 535 in which the rule of *Robles* was applied.

The basic reasoning behind the *Robles* rule, is premised on the existence of only one fund of evidence which is utilized to prove both the substantive offense and conspiracy charge. On this basis, if a jury disbelieves this evidence or has a reasonable doubt that it is sufficient to prove the substantive offense, it logically follows that it is likewise unbelievable or insufficient to support a verdict of guilty to the conspiracy charge.

Thus, the basic reason for the *Robles* rule dis-

appears when the evidence can be segmented or is different as to both offenses as it is in this case. Here, the evidence of the burglary by two persons was complete when the witness saw two unidentified persons in the backyard after he heard noises in the downstairs area and then heard the back door open and close. At this point, the jury could reasonably believe that a burglary had been committed but because the culprits were unidentified, there could be no basis for conviction if the evidence concluded at this point.

Proceeding then with the next portion of the evidence, it was revealed that someone had entered the second floor area. This entry was obviously for one of two reasons, to wit: to commit a crime or to find an avenue of escape. The jury could well have believed either reason. The evidence of the defendant's jump from the second floor, his running from the scene, his apprehension, and his identification, completes this segment of the evidence.

Concerning both segments of this evidence, including the fact that items were stolen from the first floor and found in the backyard, it is obvious that the jury, although believing that a burglary took place, could also find the defendant not guilty of the burglary because there was no direct evidence identifying the defendant as one of the persons who had forced his entrance into the first floor, or as one of the persons seen in the backyard where the stolen items were later recovered, or one of the persons who removed the stolen items from the house. Contrary to the evidence in *Robles,* the jury here could and undoubtedly did believe a burglary took place on the first floor area and therefore, could consistently find the defendant not guilty of burglary and guilty of conspiracy based upon all the evidence. The totality of this evidence is clearly sufficient to substantially establish an agreement or a common design between two or more persons to accomplish an unlawful act. *Pooley v. People,* 164 Colo. 484, 436 P.2d 118.

It is also to be noted after reviewing this record that

this jury was not instructed on the culpability of principals and accessories and therefore, for this reason also, the jury may have had a doubt as to the defendant's direct participation in this burglary.

Therefore, based upon the evidence of this case and our review of this record, we hold that the verdicts of not guilty to burglary and guilty to the charge of conspiracy to commit burglary are not inherently inconsistent.

Judgment affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.