No. 24512.

JOHNNY EDWARD HUGHES *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(487 P.2d 810)

Decided August 9, 1971.

GAUNT, BYRNE AND DIRRIM, LYSLE R. DIRRIM, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, DAVID A. SORENSON, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

JOHNNY EDWARD HUGHES, hereinafter referred to as the defendant, was originally charged, together with three co-defendants, with the crimes of burglary and conspiracy to commit burglary. Thereafter, the charges against one of the co-defendants, Barbara Andrea Lenord, were dismissed by the district attorney prior to trial. The two other co-defendants, James W. Germany and Louis I. Neal, pleaded guilty to a misdemeanor charge of accessory after the fact of burglary, and the felony charges of burglary and conspiracy against them were dismissed. As a result, the original charges remained only against the defendant Hughes. Two other girls were involved, but due to their ages, they were handled as juveniles and no criminal charges were filed against them. Defense counsel stated for the record that defendant had been offered the same deal as Germany and Neal, but chose to plead not guilty to the original charges as he felt he was innocent. At no time was defendant charged with accessory during or after the fact. Defendant was convicted of conspiracy, but acquitted of burglary.

On the evening of January 11, 1969, Germany and Neal were to have met the defendant at his home. The defendant was not there, but they were able to locate him nearby. They had a few drinks, and drove around the city in the defendant's car. At some later point they saw three girls who were known only to Germany. The girls got into the car with them, and the six drove around until they got hungry. Some meat was purchased and the six went to the defendant's house to fix hamburgers. At about one a.m. the following morning they were out in the car again.

Defendant stopped to make a phone call and the girls went to look into a jewelry store window. They all got back into the car, but before they had gone very far the girls asked the defendant to stop, which he did. There

was testimony that at this point defendant asked one of the girls, "Do you know which ring I want?" The girls then proceeded to burglarize the jewelry store and returned with several rings, including the one the defendant wanted.

They then drove around until they came to a suburban shopping center. The three men had to relieve themselves, and got out of the car to do so. Two of the girls then approached the clothing store which is the subject of this prosecution. There was testimony that defendant told the third girl that she had better join the other two if she wanted to get anything. The girls then burglarized the store, and returned to the car. The defendant had kept the motor running as he had been requested to do by one of the girls.

· They continued to ride around until the girls saw a wig shop they wished to burglarize. While attempting to do so they were apprehended. A description of the defendant's car was given to the police, and the defendant and the others involved were captured within a short time.

Defendant raises four allegations of error: (1) That the conspiracy charges against him had no validity once the charges against the co-conspirators had been dismissed; (2) that the trial court was required to enter a judgment of acquittal on the conspiracy charges when defendant was acquitted on the principal charge of burglary, (3) that the trial court committed error by refusing to give defendant's tendered instructions concerning accessory during and after the fact, and (4) that there was not sufficient evidence to convict on the conspiracy charge as a matter of law. We find no error, and affirm.

I.

■ Defendant's first argument is that the conspiracy charges had to be dismissed against him when they were dropped as against his three co-conspirators, citing *Mendelsohn v. People*, 143 Colo. 397, 353 P.2d 587 (herein-

354

after cited as *Mendelsohn*). The language referred to in *Mendelsohn* does not even rise to the status of dictum. It is merely a quotation lifted by the court from a statement in American Jurisprudence in which conflicting views were stated as to the validity of a conspiracy charge against one co-conspirator where a *nolle prosse* was granted to the other conspirator. Since this was not the situation in *Mendelsohn*, the court did not rule on which of the conflicting views it would accept. In the present case, two of the alleged conspirators were not charged and the charges against the remaining co-conspirators were dismissed before trial. Rather than *Mendelsohn*, *Altobella v. People*, 161 Colo. 177, 420 P.2d 832, and *Bradley v. People*, 157 Colo. 530, 403 P.2d 876, are controlling here. They stand for the proposition that a failure to charge co-conspirators or the dismissal of conspiracy charges before trial against co-conspirators does not require dismissal of conspiracy charges against the remaining co-conspirators nor render invalid a verdict of guilty against the remaining co-conspirators.

## II.

Defendant next argues that the trial court was required to enter a judgment of acquittal to the charge of conspiracy when he was acquitted by the jury on the substantive charge of burglary, citing *Robles v. People*, 160 Colo. 297, 417 P.2d 232. We disagree. *Robles* is limited to a situation where there is a conviction of conspiracy and acquittal of the substantive charge when the evidence presented on each was one and the same. In effect, the holding of that case is that the jury cannot be permitted to believe the testimony for the purposes of the conspiracy and disbelieve it for purposes of the substantive crime. This does not mean, however, that in a situation as this case where there was different evidence relating to the conspiracy and the substantive crime that the jury may not return different verdicts as to the two charges.

Here there was evidence of conspiracy separate and independent of the mere participation in the actual taking of the goods from the store, *e.g.*, (1) defendant's advising one of the girls that if she did not participate in the burglary she would get nothing, and (2) defendant's keeping the motor running so that his car would be available for escape as soon as the girls completed the appointed task. *See Morehead v. People,* 167 Colo. 287, 447 P.2d 215, and *Salazar v. People,* 166 Colo. 508, 445 P.2d 60.

## III.

█ Defendant's third argument is that the trial court was in error in refusing to give his tendered instructions relating to accessory during and after the fact. The question is really not relevant to the appeal here. The requested instructions went only to the question of the charge of burglary, and since the defendant was acquitted of that charge the issue is not subject to review here.

## IV.

Defendant's final argument is that there was not sufficient evidence to sustain the conviction of conspiracy. We disagree. Certainly there is evidence in the record, which if believed, is adequate to sustain the conviction. There was the testimony that the defendant had picked out the ring he wanted stolen. There was testimony that he told the third girl to join the others if she wanted to get anything. Finally, there was the testimony that the defendant kept the car motor running while the girls were gone to help effectuate the get-away. We feel this is more than sufficient to sustain the conviction for conspiracy.

The judgment of the trial court is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.