No. 25211.

The People of the State of Colorado *v.* Anthony R.
Armijo and Patrick W. Runningbear.
(491 P.2d 1384)

Decided December 27, 1971.

Duke W. Dunbar, Attorney General, John P. Moore,
Assistant, Aurel M. Kelly, Assistant, for plaintiff-
appellee.

Rollie R. Rogers, State Public Defender, J. D. Mac-
Farlane, Chief Deputy, Thomas M. Van Cleave, III,
Deputy, for defendants-appellants.

548

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

DEFENDANTS Anthony R. Armijo and Patrick W. Runningbear were charged with the crime of aggravated robbery and conspiracy to commit aggravated robbery. After trial they were acquitted of aggravated robbery, but found guilty of conspiracy.

At the trial, a witness identified the defendants as the two men who had robbed him. Another witness for the People, one Espinosa, testified that on the night of the robbery he was riding in a car with the defendants. He testified that the defendants indicated they wanted to get some money but they did not say how they were going to do it. He then left the car and defendants drove away.

During cross-examination, Espinosa stated that his testimony on direct examination was not true. He testified that it was he and a friend, John Martinez, who had perpetrated the robbery. After the robbery he had met Armijo and asked him for a ride to a friend's house. While en route there, the police stopped the car, and he then told the police that Armijo and Runningbear were involved in the crime so he would not be charged.

The defendants contend that this conviction must be reversed under the authority of *Robles v. People,* 160 Colo. 297, 417 P.2d 232, which held that a conspiracy conviction cannot stand where there has been an acquittal of the substantive crime when the conviction of conspiracy is based solely on the same evidence which resulted in the acquittal of the substantive crime.

The attorney general confesses error, but does not agree that *Robles, supra,* is controlling. He contends that there was testimony other than that showing the commission of the substantive crime itself which was introduced for the purpose of establishing the conspiracy

here. But he then points out that the evidence itself is not sufficient to sustain the conviction. We agree.

It is evident from the verdict that the jury did not believe that the defendants had committed the robbery. What then was the evidence to sustain the charge of conspiracy to commit the robbery? Let us set aside for the moment the fact that the sole witness to the conspiracy testified on cross-examination that it was he and another who had committed the crime, and that defendants had not plotted to commit the crime. The only evidence that the defendants were in a conspiracy to commit the robbery was the statement by Espinosa on direct examination that Armijo and Runningbear wanted to get some money. Espinosa went on to say on direct examination that they did not say how they were going to get it, nor did they say anything further at that time at all about the money.

As we have repeatedly stated, to convict of conspiracy in this state three elements must be proven beyond a reasonable doubt. There must be a real agreement, combination or federation with a common design between two or more persons to accomplish an unlawful purpose, which in this state must amount to a crime. *La Vielle v. People,* 113 Colo. 277, 157 P.2d 621.

Here there was no evidence to suggest an agreement to commit a crime other than that the defendants "wanted to get some money." That evidence does not rise to the dignity of agreeing to commit a *crime.*

The judgment is reversed and the cause remanded with directions to discharge the defendants.