Opinion by
MR. JUSTICE ERICKSON.
Plaintiff in error, Michael Norman Bates, was charged with maliciously and feloniously destroying personal property and with causing damage to the personal property in an amount exceeding $500. C.R.S. 1963, 40-18-1. He was also charged with conspiracy to commit the identical offense which was described in the malicious mischief charge. C.R.S. 1963, 40-7-35. The charges arose out of an incident in which an unmarked Aurora police car was damaged when some dynamite, allegedly thrown out of Bates’ automobile window by a co-conspirator, rolled under the police car and exploded. It was undisputed that the damage to the vehicle was approximately $940.
Bates was acquitted of the substantive offense of malicious mischief, but was convicted of conspiracy to commit malicious mischief. On writ of error, Bates contends that the conviction must be reversed because it is totally inconsistent with his acquittal of the substantive charge and is only supported by the evidence which was offered to prove the substantive offense. He also claims that his conviction for conspiracy must be set aside because it is unsupported by the evidence. In our opinion, plaintiff in error’s latter argument *83 has merit, and the conviction must be reversed.
All of the incriminating evidence against Bates was based on statements which Bates allegedly made to police officers. Officer Gigikos testified that Bates told him that he was with three other boys in an apartment in East Denver on the evening in question. According to the officer, Bates said that while he was in the apartment, a conversation arose about a traffic ticket that he had received earlier that day. Bates told the officer that the boys in the apartment showed him some dynamite, and one of the boys said that he wanted to go out and blow up the police station. Bates also said that shortly thereafter one of the boys asked to use his car, and when the boy came back a few minutes later, he mentioned a bombing. Officer Gigikos also testified that while questioning Bates further about the incident, he obtained the admission that Bates’ first story was untrue. The officer stated that Bates thereafter admitted that he was actually driving the car at the time the dynamite was thrown out of the car. He told the officer that he and another boy had left the apartment together in his car to go out and explode the dynamite in the bushes of the City Park of Aurora. Bates’ story was that when they got to the park, they changed their mind, because they would have had to get out of the car to explode the dynamite, and they were afraid of getting caught. Bates told the officers that they drove around the block and were going to throw the dynamite into the playground at Crawford School, but again decided against it. Subsequently, Bates said they drove around the Aurora Police Department several times, and that on one trip around the police station, the boy riding with him lit the fuse and threw the dynamite out of the window. The boy then exclaimed to Bates, “Oh, my God, it rolled under the car.” Bates told the officers that his first thought was to get out of the car and try to put the fuse out, but that he decided he had better not and drove off.
I.
Bates contends that reversal is called for because his conviction for conspiracy is inconsistent with his acquittal of the substantive offense of malicious mischief. He cites Robles *84 v. People, 160 Colo. 297, 417 P.2d 232 (1966). In Robles, this Court held that a conspiracy conviction could not be upheld where the defendant was acquitted of the substantive offense and the only evidence offered to prove the conspiracy was the same evidence that was offered to prove the substantive offense. We have cited the Robles case as controlling authority in Feltes v. People, 178 Colo. 409, 498 P.2d 1128; Fagin v. People, 174 Colo. 540, 484 P.2d 1216 (1971); Carter v. People, 169 Colo. 531, 458 P.2d 236 (1969); Petty v. People, 167 Colo. 240, 447 P.2d 217 (1968); People v. Way, 165 Colo. 161, 437 P.2d 535 (1968).
Here, however, the Robles case does not provide an answer, since there was additional evidence from which the jury could have inferred that a conspiracy existed. Testimony was offered to show that shortly before the police car was blown up, Bates had been engaged in a conversation with others during which the potential use of the dynamite was discussed. We have uniformly held that the Robles rule does not apply where there is evidence of a conspiracy in addition to the evidence which is offered to prove the substantive offense. Hughes v. People, 175 Colo. 351, 487 P.2d 810 (1971); Armijo v. People, 170 Colo. 411, 462 P.2d 500 (1969); Morehead v. People, 167 Colo. 287, 447 P.2d 215 (1968); Salazar v. People, 166 Colo. 508, 445 P.2d 60 (1968); Scott v. People, 166 Colo. 432, 444 P.2d 388 (1968); Pooley v. People, 164 Colo. 484, 436 P.2d 118 (1968); cf People v. Armijo, 176 Colo. 547, 491 P.2d 1384 (1971). We have said that the Robles decision is inapplicable in such circumstances because there is no inconsistency in the verdicts .when additional evidence is offered to establish the conspiracy.
II.
Bates claims that his conspiracy conviction must be reversed because it is unsupported by the evidence. It is fundamental that to convict a person of the crime of conspiracy at least three material elements must be proven beyond a reasonable doubt. First, there must be a combination of two or more persons. Second, there must exist an *85 unlawful purpose, which in Colorado must amount to a crime. And, third, and most important in this case, there must be a real agreement, combination, or confederation with a common design. (Mere passive cognizance of the crime to be committed or mere negative acquiescence is not sufficient.) Fagerstone v. People, 128 Colo. 30, 259 P.2d 274 (1953); LaVielle v. People, 113 Colo. 277, 157 P.2d 621 (1945); cf. Goddard, Jr. v. People, 172 Colo. 498, 474 P.2d 210 (1970).
At the trial, the prosecution proved that an automobile belonging to the City of Aurora had been damaged. There was some evidence that Bates and others conspired to set off dynamite in the vicinity of the police station. But this was not the charge. See Attwood v. People, 165 Colo. 345, 439 P.2d 40 (1968). There was not sufficient evidence from which the jury could infer that there was “a real agreement, combination, or confederation with a common design” to destroy personal property in an amount exceeding $500. Without such evidence, the conviction cannot stand.
Consequently, the judgment is reversed, and the matter is remanded to the district court with directions to set aside the verdict and dismiss the conspiracy charge.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.