## No. 25840

### The People of the State of Colorado v. Sammy D. Walker
(512 P.2d 1243)

Decided August 7, 1973.

Dale Tooley, District Attorney, Second Judicial District, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The People appeal from the trial court's order granting the motion of defendant Sammy D. Walker for judgment of acquittal notwithstanding the jury verdict. We reverse the judgment.

Defendant was charged in a six-count information with kidnapping, conspiracy to commit kidnapping, aggravated robbery, conspiracy to commit aggravated robbery, assault with intent to commit rape, and conspiracy to commit assault to rape. The jury acquitted defendant of the first five counts but convicted him of conspiracy to commit the crime of assault to commit rape.

Defendant's motion for judgment of acquittal notwithstanding the jury verdict of guilty was predicated on the rule announced in *Robles v. People,* 160 Colo. 297, 417 P.2d 232, where it was held that a conviction for conspiracy cannot stand where a jury has acquitted the defendant of the substantive charge when the evidence presented as to each

charge is the same. Defendant's argument in the trial court, as shown by his trial brief in support of the motion, was that the verdicts were inconsistent, as viewed under the *Robles* decision, in that the only evidence in support of the conspiracy verdict was that he participated in the substantive offense of assault with intent to commit rape.

The record does not contain the trial court's ruling on defendant's motion, or the reasons therefor. We assume that the court believed *Robles* controlled and therefore required the entry of judgment of acquittal.

■ As we view the record, the *Robles* doctrine of inconsistent verdicts has no application here. The guilty verdict on the conspiracy charge was amply supported by evidence separate and independent of the evidence of defendant's alleged participation in the actual assault to commit rape. This is demonstrated by the following summary of the facts as supported by the People's evidence.

. On the evening of February 3, 1973, defendant and his companion, Charles M. Iverson, had been drinking beer, wine and whiskey in a friend's apartment and in various bars in and about Denver. As they were driving downtown at approximately 1 a.m. on the following morning, they observed a woman walking on the north side of Welton. Defendant, who was driving, pulled over to the curb, stopped the car, got out and grabbed the woman by the arm. He ordered, "Get in the car, let's go," forcing the victim into the middle front seat of the car where Iverson thrust a metal object, which she believed to be a knife, to her throat, declaring, "I will slit your throat if you say one word." Defendant then drove south on Broadway to a point near Cedar Street and into a parking lot on the east side of Broadway. Iverson, at defendant's direction, disrobed the woman. He then attempted to rape her with the brutal assistance of the defendant. To overcome her resistence, defendant held her by the wrists, bit her on the face, beat her about the face and body and fractured her nose. Apparently believing that the screams of the victim had been heard by a taxi driver and persons exiting from a tavern on the west side

of Broadway, defendant then drove to a point under the Sixth Avenue Viaduct where he again parked and the assaults by Iverson were renewed. Defendant climbed in the back seat and fell asleep, only to be awakened later by the screams of the victim. Finally, defendant ordered Iverson to "Let her go." They then pushed her from the car, leaving her standing half naked in the ice and cold, and drove away. The victim had the presence of mind to observe the license number of the car. She struggled to a nearby house where an ambulance was summoned and she was then taken to Denver General Hospital for treatment.

From the foregoing the jury could reasonably conclude that defendant and Iverson agreed and conspired together to abduct the victim for the unlawful purpose of committing a rape upon her; and that the agreement was real, with a common design to accomplish that criminal purpose, as is demonstrated by the evidence that they did forcibly place the victim in the car, threaten her with a knife, drive her to a secluded parking lot, and disrobe her in preparation for the perpetration of the criminal assault upon her.

The evidence of events leading up to the attempt to actually perpetrate the rape, considered in the light of *Robles v. People, supra,* was separate and independent from that of the actual assault and will support the jury verdict of conspiracy. *Hughes v. People,* 175 Colo. 351, 487 P.2d 810; *Armijo v. People,* 170 Colo. 411, 462 P.2d 500; *Morehead v. People,* 167 Colo. 287, 447 P.2d 215; *Salazar v. People,* 166 Colo. 508, 445 P.2d 60; *Pooley v. People,* 164 Colo. 484, 436 P.2d 118.

In granting the motion of judgment of acquittal following the jury's verdict of conviction, the trial court erred by misapplying the law set forth in the *Robles, supra,* decision. Colo. Const. art. II, § 18.

The judgment is reversed and the cause remanded with directions to vacate the judgment of acquittal, reinstate the jury's verdict of guilty, enter a judgment of conviction and sentence the defendant pursuant to statute.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.