The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

John C. HARRISON,
Defendant–Appellant.

No. 85CA0960.

Colorado Court of Appeals,
Div. I.

Sept. 24, 1987.

Rehearing Denied Oct. 29, 1987.
Certiorari Denied Feb. 8, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda Perkins, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, John C. Harrison, appeals the judgment of conviction entered on a jury verdict finding him guilty of conspiracy to commit arson. We affirm.

Defendant, the owner of a Pueblo bar, was charged in connection with two separate fires on the same evening. In the first fire, a Molotov cocktail was thrown on the roof of the house belonging to the person from whom defendant was purchasing the bar, and who had threatened to foreclose on the bar after defendant fell behind in his payments. The fire was discovered and extinguished by neighbors. The second

fire, which occurred within an hour and a half after the first, destroyed the building located next door to defendant's bar. Defendant had formerly owned the building, but had lost it through foreclosure proceedings.

Defendant was charged with attempted first degree arson in the first fire, with first degree arson in the second fire, and with conspiracy to commit arson. Defendant's alleged accomplice pled guilty to fourth degree arson pursuant to a plea agreement and testified for the prosecution at trial.

At his first trial, defendant was acquitted of the arson and attempt charges, but was convicted of conspiracy. Defendant then moved for a judgment of acquittal notwithstanding the verdict on the ground that the guilty verdict on the conspiracy charge was inconsistent with the acquittals on the substantive charges. The trial court denied this motion.

After it was revealed that a juror had conducted an independent investigation, defendant also moved for a new trial based on jury misconduct. The prosecution confessed this motion, and a second trial was ordered on the conspiracy charge only.

The second trial resulted in a mistrial. At the third trial, defendant was again convicted of conspiracy to commit arson.

## I.

Defendant first contends that the first jury's verdict finding him guilty of conspiracy to commit arson was inconsistent with its verdict acquitting him of arson and attempted arson. Thus, defendant argues that the remaining conspiracy charge should have been dismissed following the first trial. We disagree.

■ If a person is acquitted of a substantive offense, he may not be convicted of conspiracy to commit that offense if the only evidence supporting the conspiracy charge is identical to that presented with regard to the substantive offense. *People v. Albers,* 196 Colo. 66, 582 P.2d 667 (1978); *Robles v. People,* 160 Colo. 297, 417 P.2d 232 (1966); § 18–2–206(2), C.R.S. (1986

Repl.Vol. 8B). However, contrary verdicts on the substantive offense and the related conspiracy charge are not inconsistent if there is evidence in the record which implicates the defendant in the conspiracy and which is separate and independent from that of participation in the substantive offense. *People v. Coca,* 185 Colo. 10, 521 P.2d 781 (1974); *People v. Williams,* 707 P.2d 1023 (Colo.App.1985).

■ Here, there is sufficient independent evidence in the record to implicate defendant of conspiracy to commit arson. The accomplice testified that defendant had asked him to help burn the house and the building, and that they had procured the materials to do so. Therefore, defendant's conviction on the charge of conspiracy to commit arson was not inconsistent with his acquittal on the substantive charge of arson. *See People v. Walker,* 182 Colo. 317, 512 P.2d 1243 (1973). Moreover, contrary to defendant's contention, this evidence was sufficient to sustain his conviction for conspiracy to commit arson. *See People v. Mulligan,* 193 Colo. 509, 568 P.2d 449 (1977); *Mendelsohn v. People,* 143 Colo. 397, 353 P.2d 587 (1960).

## II.

Defendant next contends that he is entitled to a new trial because the third jury was confronted with extraneous information before rendering its verdict. Although the trial court did not err in denying the motion, we disagree with its rationale.

In support of his motion for a new trial, defendant introduced testimony from a juror that, at the beginning of the second day of deliberation, another juror said he had seen the defendant the previous evening, accompanied by three men who "were a lot bigger than [the juror] was," come into the auction where he worked. They stood and stared at him, bought nothing, and did not leave until the auction was over. The witness also testified that the other juror said he felt intimidated by defendant and was worried about his safety. According to this witness, a half-hour after the juror told the other jurors about these events, the 11 to 1 deadlock was broken and a guilty

verdict was reached. Defendant testified that he neither intended to intimidate the juror nor knew that the juror worked there.

The trial court denied defendant's motion, holding that the witness' testimony was an improper inquiry into the juror's thought processes under CRE 606(b), and that there was no evidence that the vote of the lone holdout juror was affected by this information.

 To prevail on a motion for a new trial based on exposure of jurors to extraneous information or influences, the defendant must establish that he was prejudiced by the exposure. *Wiser v. People,* 732 P.2d 1139 (Colo.1987); *People v. Hernandez,* 695 P.2d 308 (Colo.App.1984). Prejudice is shown if the jurors' exposure to extraneous information or influences establishes a reasonable possibility that the extraneous information affected the verdict. *See Wiser v. People, supra.*

CRE 606(b) provides:

"Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to bear upon any juror."

 Here, the witness' testimony pertained both to extraneous information, *i.e.,* the defendant's actions the night before, and to the auctioneer's thought processes, *i.e.,* his feelings of intimidation. The trial court determined correctly that the witness' testimony as to the juror's fear was an improper inquiry into his thought processes and emotions and was, therefore, inadmissible under CRE 606(b). *See People v. Crespin,* 682 P.2d 58 (Colo.App. 1984). However, the juror's testimony indicating defendant's activities with regard to the other juror was admissible, and we conclude that there is a reasonable possibil-

ity that this extraneous information affected the verdict. *See Wiser v. People, supra.*

Nevertheless, as a matter of principle, defendant cannot claim prejudice resulting from his own conduct as a ground for setting aside the verdict. *See People v. Shackelford,* 182 Colo. 48, 511 P.2d 19 (1973); *People v. Jones,* 665 P.2d 127 (Colo. App.1982), *aff'd,* 681 P.2d 504 (Colo.1984).

Defendant's remaining contentions of error are without merit.

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.